FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 28 2015

JAMES W. McCORMACK, CLERK
By: Brown
DEP CLERK

Pulaski (JJ)

**IN THE CIRCUIT COURT OF ~~JEFFERSON~~ COUNTY,**
**CIVIL DIVISION**

JEFFERY JACKSON — PETITIONER

V. — NO: 4:15-cv-302 DPM/JTR

JOHN FELT, CHAIRMAN
RICHARD BROWN, VICE CHAIRMAN
DAWNE B. VANDIVE, SECRETARY
DENNIS YOUNG, COMMISSIONER
ABRAHAM CARPENTER Jr., COMMISSIONER
RICHARD MAYS, COMMISSIONER
JIMMY WALLACE, COMMISSIONER
In their official Capacities — RESPONDENTS

This case assigned to District Judge Marshall
and to Magistrate Judge Ray

**PETITION FOR DECLARATORY JUDGEMENT AND WRIT OF MANDAMUS**

Comes now petitioner, **Jeffery Jackson**, pro se, indigent prisoner, brings this civil action against the Arkansas Parole Board, pursuant to A.C.A 16-113-103 et seq and A.C.A 16-115-101 et seq, seeking a judgment declaring the Arkansas Parole Board violated petitioner's right to due process Under the Fourteenth Amendment by relying on false information in parole file in determining a consideration for parole. And an order ordering the Parole Board to expunge false information from file and grant petitioner a new parole hearing.

**JURISDICTION & VENUE**

1. This Circuit Court may declare an act unconstitutional in itself or in its usage, such subject matter jurisdiction can only exist where physical jurisdiction over the parties who can be ordered to enforce the orders the Court hands down in a Petition.

2. Respondents were fulfilling their official duties in this physical location, venue is appropriate.

## PARTIES

3. Petitioner Jeffery Jackson, is and was at all times mentioned herein is a state prisoner, in the custody of the ADC. He is currently confined at the Wrightsville Unit in Wrightsville, Arkansas, 72183.

4. Respondent John Felts, is the chairman of the Arkansas Parole Board. His duties are to the overall operations of the parole board, and to conduct a fair consideration of parole for all eligible offender(s) in all prisons of the ADC.

5. Respondent Richard Brown, is the Vice Chairman of the Arkansas Parole Board. His duties are to the overall operations of the parole board, in the absence of the Chairman and to conduct a fair consideration of parole for all eligible offender(s) in all prisons of the ADC.

6. Respondent Dawne B. Vandive, is Secretary of the Arkansas Parole Board. Her duties are to maintain accurate records in offender(s) parole file and to conduct a fair consideration of parole for all eligible offender(s) in all prisons of the ADC.

7. Respondent Dennis Young, Abraham Carpenter Jr., Richard Mays, and Jimmy Wallace are commissioners of the Arkansas Parole Board. Their duty is to conduct a fair consideration of parole to all eligible offender(s) in all prisons of the ADC.

## EXHAUSTION OF REMEDIES

8. Petitioner Jeffery Jackson exhausted all available remedies On Approximately Oct. 23, 2014 petitioner submitted a Reconsideration letter (see exhibit A) after receiving a one year denial, stating that the death involved listed under reasons for action from Oct. 28, 2014 parole hearing Results (see Exhibit E) was misinformation.

9. Approximately Jan. 26, 2015 Petitioner received response from reconsideration letter (see Exhibit B) death involved is listed third under reasons for action, prior decision stood.

10. Approximately Feb. 10, 2015 Petitioner wrote a letter of complaint (see Exhibit C) to Chairman, John Felts. Readdressing the misinformation, (death involved) stating, to petitioner's belief, where the false information came from and why liability for a death shouldn't be used in determining his parole consideration. Petitioner has yet to received a response.

## FACTS

11. Approximately Oct of 2013 Petitioner received a parole hearing at the Randell L. Williams Unit, the hearing commissioner was Jimmy Wallace, who asked petitioner to tell what took place the night of the crime. Accepting full responsibility for his actions petitioner remorsefully explained, 'while victim was jumping from vehicle, he inadvertently ran over victim's leg'. No injury occurred that could amount to a death.

12. Approximately Oct. 28, 2013 petitioner received parole hearing results (see Exhibit D) from the above hearing, received a denial of one year for following reasons: nature and seriousness of crime, injury to victim and multiple counts. The Parole Board relied on accurate information in determining a consideration for parole.

13. Approximately Oct. 7, 2014 petitioner Jeffery Jackson received another parole hearing at the Wrightsville Unit; the hearing commissioner was Jimmy Wallace, who mentioned that offender Jeffery Jackson ran over victim, nothing was said about a death during hearing.

14. Approximately Oct. 21, 2014 Petitioner received results from Oct. 7, 2014 hearing (see Exhibit E) who received a second one year denial for the following reasons: nature and seriousness of crime, death involved, and injury to victim. The Parole Board relied on false information in rendering their decision for transfer of parole.

15. Petitioner committed crime in April of 2006, wasn't until March of 2007 when he was convicted and sentenced to ADC, victim was alive.

16. One victim was in Petitioner's crime, in no way could one victim have an injury and death from Petitioner's previous actions.

17. As stated in Letter of Complaint death involved did not appear until F. Hinton (Co-defendant) was release from ADC's custody in approximately Nov. or Dec. of 2013, which he died approximately March of 2014.

## LEGAL CLAIMS

18. Petitioner incorporates by reference paragraphs 1-17.

19. The Parole Board relied on false information in parole file in rendering a decision for parole, which constituted a violation of petitioner Jeffery Jackson right to due process under the fourteenth Amendment of the United States Constitution.

20. The Petitioner has no plain, adequate or complete remedy at law to redress the wrong described herein. Petitioner has been and will continue to be irreparably injured by the actions of the Parole Board unless this Court grants the relief which petitioner seeks.

**PRAYER FOR RELIEF**

21. WHEREFORE, petitioner Jeffery Jackson respectfully prays that this Court enter judgment granting petitioner:

a. A declaration stating the parole board violated Petitioner ~~Jerry~~ Jeffery (J.J.) Jackson's right to due process under the Fourteenth Amendment of the United States Constitution, by relying on false information in ~~parole file~~ (J.J.) their decision making process.

b. An order ordering the parole board to expunge false information from parole file and grant petitioner Jeffery Jackson a new parole hearing.

c. Any costs, fees, or additional relief this Court deems equitable, just and proper.

Respectfully Submitted,

[signature]

**Jeffery L. Jackson**
Wrightsville Unit A.D.C. #138736
Post Office Box 1000
Wrightsville, Arkansas 72183

**Verification**

I, Jeffery Jackson, the petitioner herein, and in support of my petition after first being duly sworn, do hereby swear under penalty of perjury, that the statements, matters and things contained in my petition herein are a true and accurate account to the best of my knowledge, information and belief, and for purpose therein stated, set forth and contained.

______________________
**Petitioner**

**STATE OF ARKANSAS**

**COUNTY OF** Pulaski

**SUBCRIBED AND SWORN TO BEFORE ME, A**

Notary public, on this 23 day of May, 2015

Carolyn J Ragland
**NOTARY PUBLIC**

My commission expires: 6/20/2021

CAROLYN J. RAGLAND
NOTARY PUBLIC-STATE OF ARKANSAS
PULASKI COUNTY
My Commission Expires 06-20-2021
Commission # 12383220

exhibit A

To : Parole Board Members
From: Jeffery Jackson #138736
Date : Oct. 17, 2014
Re : Reconsideration

I'm writing in reference to the decision made by the Parole Board as to why I was Renderd a 1 year denial. It was stated under Reasons for action that there was a death involved. There has been a big mix-up and misinformation concerning the details related to my case. After reviewing my judgement and commitment order you'll notice that there is no death relating to my conviction (a copy is enclosed)

Next, the co-defendant (principle) who has the same exact time and number of offenses was granted parole and has not Returned.

In addition, during the course of my incarceration, there hasn't been any violent reports or altercations of violence, my institutional record supports it. Plus, I've taken initiative in completing Vo-Tech, SATP, Parenting Class, and The Stepping-up course - a call to Courageous Manhood.

In conclusion I have a job upon release at Chicken King (family owned) until I gain employment in carpentry.

After rectifing my old thinking patterns, thanks to SATP. I Realize the importance of changing my environment and how much of an influence my ex-friend, clubs, and drugs had in my life. Once a Man knows better he does better. Although I can not retract the mistake I made, I have grown from it.

I ask the Board members to observe and consider these things I've mentioned.

Copy Oct. 21, 2014

page 1 of 2

in granting me a Reconsideration.

Sincerely Submitted,
Jeffery Jackson #138736
Jeffery Jackson

Exhibit 13

PCAR515

**Parole Board**
**Record of Release Consideration**

**Date:** 01/26/2015
**Time:** 03:44 PM

**ADC:** 138736A **NAME:** Jackson, Jeffrey Lynn
**UNIT:** Wrightsville Unit
**HEARING DATE:** 11/23/2014 **HEARING TYPE:** Reconsideration Screening

The action of the board and the most significant reasons for that action are recorded below. For a more complete explanation, contact the Institutional Parole Officer. After due deliberation, the Board ordered the following action:

**ACTION:**
Denied 1 Year
Prior(Hearing)Action Stands

Reconsideration denied. The Post Prison Transfer Board reviewed you request concerning its previous decision on your conditional release. After due deliberation, the Board concluded that its prior decision was appropriate and correct. The prior action stands.

**REASONS FOR ACTION:**
Nature & Seriousness Crime
Injury To Victim
Death Involved

**PRE RELEASE CONDITIONS:**
None

**CONDITIONS OF RELEASE:**
None

**BOARD IMPOSED DATE:**

**COMMENTS:**
None

All releases are subject to approval of suitable plan.
Recorded for the Arkansas Parole Board.

**INMATE COPY**
**STATE COPY**
**INSTITUTIONAL PAROLE SERVICES COPY**

 Exhibit C Pg. 1 of 2

To : Mr. John Felts, Chairman
From : Jeffery Jackson #138736
Date : January 6, 2015
RE : Complaint, false information in file

In my 2013 Parole Hearing (copy enclosed) I received a 1 year denial. The reasons for action are as listed Nature and Seriousness of crime, injury to victim, and multiple counts. In my 2014 hearing I received another 1 year denial. The reasons for action are as listed Nature and Seriousness of crime, death involved, and injury to victim. The erroneous information I'm referring to is the death, which I mentioned in the Reconsideration in October (copy enclosed)

Mr. Felts the only rational thought I can come up with is the death of my co-defendant (F. Hinton), which occurred after his release in late 2013. Directly nor indirectly does that fall on me. Nor should I be held liable for it.

I caught my charges in 2006, plead guilty and got convicted in 2007. I accidentally ran over the victims legs while he was jumping out of the car. That injury did not result in a death, nor was the injury life threaten.

I am truly remorseful and take full responsibility for my previous actions that landed me in the Department of Corrections. This time has fully fulfilled its purpose, in correcting.

I strongly believe the misinformation concerning the death increased my validated

risk/needs assessment level and any other factors or criteria considered and lowered the chances of me being granted parole, in my 2014 Parole Hearing.

After a thorough review of the facts it is clear that any additional information in my pre-sentencing report or any other information relied on in the decision making process relating to a death, is erroneous and inaccurate information.

I understand parole is a privilege but I have a right to a Parole Hearing that protects my liberty interest.

Mr. Felts, I'm asking you to correct my file by removing the false information and grant me a Parole Hearing that would not violate or trigger a liberty interest.

Sincerely Submitted
J. Jackson 133136
Jeffery Jackson

cc: personal file
Terri Jackson

Exhibit D

PCAR515

**Parole Board**
**Record of Release Consideration**

**Date:** 02/04/2015
**Time:** 04:27 PM

**ADC:** 138736A **NAME:** Jackson, Jeffrey Lynn
**UNIT:** Wrightsville Unit
**HEARING DATE:** 10/24/2013 **HEARING TYPE:** Transfer Board Hearing

The action of the board and the most significant reasons for that action are recorded below. For a more complete explanation, contact the Institutional Parole Officer. After due deliberation, the Board ordered the following action:

**ACTION:**
Denied 1 Year

**REASONS FOR ACTION:**
Nature & Seriousness Crime
Injury To Victim
Multiple Counts

**PRE RELEASE CONDITIONS:**
None

**CONDITIONS OF RELEASE:**
None

**BOARD IMPOSED DATE:**

**COMMENTS:**
None

All releases are subject to approval of suitable plan.
Recorded for the Arkansas Parole Board.

**INMATE COPY**
**STATE COPY**
**INSTITUTIONAL PAROLE SERVICES COPY**

Exhibit E

PCAR515

**Parole Board**
**Record of Release Consideration**

**Date:** 10/21/2014
**Time:** 02:51 PM

**ADC:** 138736A **NAME:** Jackson, Jeffrey Lynn
**UNIT:** Wrightsville Unit
**HEARING DATE:** 10/16/2014 **HEARING TYPE:** Transfer Board Hearing

The action of the board and the most significant reasons for that action are recorded below. For a more complete explanation, contact the Institutional Parole Officer. After due deliberation, the Board ordered the following action:

**ACTION:**
Denied 1 Year

**REASONS FOR ACTION:**
Nature & Seriousness Crime
Death Involved
Injury To Victim

**PRE RELEASE CONDITIONS:**
None

**CONDITIONS OF RELEASE:**
None

**BOARD IMPOSED DATE:**

**COMMENTS:**
None

All releases are subject to approval of suitable plan.
Recorded for the Arkansas Parole Board.

**INMATE COPY**
**STATE COPY**
**INSTITUTIONAL PAROLE SERVICES COPY**